# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID TAYLOR,**
**Claimant Below, Petitioner**

vs.)    **No. 12-0898** (BOR Appeal No. 2046835)
             (Claim No. 2010113089)

**GAP ENTECH, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Taylor, by James Heslep, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Gap Entech, Inc., by George Zivkovich, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 12, 2012, in which the Board affirmed a January 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 9, 2011, decision which denied a request for a left elbow arthroscopy with ulnar nerve transposition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Taylor was injured in the course of his employment on November 3, 2009, when he struck his left elbow on a steel beam. The claim was held compensable for left elbow sprain/strain. Mr. Taylor unfortunately suffered an aggravation of that injury on February 4, 2010, when he was lifting a pipe and his left elbow popped, causing it to swell. These injuries were not the first injuries he sustained to his left elbow. In 2005, while unloading trucks in a rock quarry, he fractured the radial head in his left elbow.

1

Mr. Taylor testified in a hearing before the Office of Judges on November 16, 2010, that he experienced no problems with his left elbow following the radial head fracture. His medical reports indicate otherwise. The treatment note of Michael Brockett, M.D., from November of 2009 shows that Mr. Taylor had arthritic changes in his left elbow caused by the radial head fracture. Dr. Brockett also found that his extension in that elbow was limited. An MRI taken in February of 2010 showed that he suffered from severe degenerative changes and post-traumatic arthritis in his left elbow.

Mr. Taylor's treating physician, Luis Bolano, M.D., determined that he required a left radial head excision, contracture release, and a radial head arthroplasty to treat his injury. In a letter to Mr. Taylor's counsel, he indicated that the procedures were necessitated by the November 3, 2009, compensable injury. James Daupin, M.D., and Randall Short, D.O., disagreed with Dr. Bolano in their physician reviews. Dr. Daupin found that there was no way to connect the need for surgery to the compensable injury in this claim. In his review on July 27, 2011, Dr. Short recommended denying the request for surgery. He found that the surgery was necessitated by conditions that resulted from an old injury unrelated to the November 3, 2009, injury. He concluded that Dr. Bolano's office notes do not support that the arthropathy and contracture of the left elbow are connected to the compensable elbow sprain/strain in this claim.

Based upon these reports, the claims administrator denied the request for a left elbow arthroscopy with ulnar nerve transposition on August 9, 2011. The Office of Judges affirmed the decision in its January 6, 2012, Order. The Office of Judges determined that Mr. Taylor fractured the radial head in his left elbow in 2005 which caused him to develop severe post-traumatic arthritis. The medical reports show, according to the Office of Judges, that he has had limitation of extension of his left elbow since 2005. The Office of Judges concluded that the subject injury did cause swelling of the left elbow, and that Mr. Taylor did need additional treatment as a result of that injury. However, the requested surgery was unnecessary to treat the compensable elbow sprain/strain. In a letter to Mr. Taylor's attorney, Dr. Bolano asserted that the surgery was necessary to treat the compensable injury. The Office of Judges found that he gave no rationale as to why the injury necessitated a left radial head excision, contracture release, and a radial head arthroplasty. It determined that Dr. Short made a more convincing argument in his physician review. He opined that the problems for which the surgery was requested developed as a result of the 2005 radial head fracture. The Office of Judges concluded that the evidentiary record supported Dr. Short's opinion.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 12, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The requested surgery is to treat the 2005 radial head fracture and not the compensable sprain/strain.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum